## VAN ATTA v. MONTANA NAT. BANK.

(Circuit Court of Appeals, Ninth Circuit. September 12, 1921.)

No. 3663.

**Partnership ☞199—Partner cannot sue third party for conversion of his interest in partnership property.**

One member of a partnership which is still in existence and its affairs not settled cannot sue one to whom his partner has pledged notes owned by the partnership to secure partnership indebtedness for conversion of his interest in such notes.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action at law by Tisdale F. Van Atta against the Montana National Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

The complaint upon which this action was tried in the court below was an amended one, the original not appearing in the record.

The amended complaint alleges in paragraph II, in substance, that on July 27, 1915, the plaintiff and one W. F. Guy were joint owners and holders in equal shares of certain described promissory notes, to wit: One dated June 12, 1914, for $600; one of the same date for $300; one of the same date for $2,035; one of the same date for $2,000; and one of the same date the amount of which is not stated—all of which were executed to the plaintiff and Guy by one Mike Morley and his wife, Louise, the notes being secured by a mortgage given by the Morleys on a certain described tract of land in Rosebud county, Mont., containing 666.83 acres; that about July 27, 1915, the defendant bank entered into a conspiracy with Guy for the purpose of defrauding the plaintiff out of his interest in the notes by which Guy to secure his individual indebtedness to the defendant bank pledged to the latter all of the notes, including the plaintiff's half interest therein, the defendant, its agents and officers well knowing that the plaintiff was the owner of a one-half interest in the notes; that on April 1, 1920, the plaintiff demanded of the defendant bank "the possession of one-half of said promissory notes, which demand was refused by defendant, and it thereby converted such notes to its own use; that some time prior to such demand defendant, under the aforesaid collusive and pretended agreement with said W. F. Guy as pledgee, sold such notes, and at such pretended sale it bid the same in in its own name, and claims to own the same. The prayer was for judgment in plaintiff's favor in the sum of $8,150, the alleged value of the plaintiff's notes, with interest thereon from April 1, 1920, with costs.

The answer to the amended complaint, in addition to certain denials, for further defenses set up: That on July 27, 1915, the plaintiff and Guy were partners doing business under the name of Guy & Van Atta, and that the notes were owned by the partnership, and that both of the partners on July 27, 1915, so held themselves out to the defendant bank, as they had done for two years theretofore; that Guy is still living, and the partnership has never been dissolved; that on or about December 1, 1914, the said partnership was indebted to the First National Bank of Forsyth, Mont., in the sum of about $4,500, as security for which they pledged the notes described in the amended complaint under a collateral agreement which is set out in the answer and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which authorized the pledgee to sell the pledged property upon the maturity of the $4,500 note in the event it was not paid, and to itself become the purchaser thereof, duly accounting for the proceeds; that the $4,500 note became due on or about March 1, 1915; that on July 27, 1915, the First National Bank of Forsyth sold it to the Bank of Montana, doing business under the laws of that state at Billings, for the sum of $4,536.65, and thereupon delivered it to that bank, the said $4,536.65 being the amount due the Forsyth National Bank on the $4,500 note executed to it by the partnership; that such sale was made in good faith and in accordance with the terms of the collateral agreement; that on June 6, 1914, the plaintiff executed to said Bank of Montana his individual promissory note for the sum of $1,000, with interest, etc., and on the 27th of the same month of June the plaintiff executed to the said Bank of Montana a promissory note on behalf of the partnership in the sum of $1,500, with interest, etc., and on September 28, 1914, the plaintiff executed to the said Bank of Montana his individual promissory note in the sum of $650, with interest, etc.; that upon the maturity of the said three last mentioned notes the said Bank of Montana duly demanded payment thereof, but that both plaintiff and Guy refused to pay the same; that both of them were duly notified of the sale by the Forsyth bank under the collateral pledged to it, at which time Guy was and for a considerable time theretofore had been endeavoring to settle with the plaintiff the partnership transactions involving, in addition to the notes mentioned, certain real property in the city of Great Falls, Mont.; that on or about January 5, 1915, the said Bank of Montana brought an action in one of the courts of the state against the partnership to collect the amount due on the $1,500 note of June 27, 1914, and also an action against Van Atta individually for the enforcement of the payment of the $1,000 and $650 notes already mentioned, all of which the respective defendants thereto refused to pay, and that finally Guy executed to the Bank of Montana at Billings, on said 27th day of July, 1915, his individual promissory note in the sum of $8,221.36 with interest, etc., which latter note was given for the purpose of paying to the said Bank of Montana the money it had paid to the First National Bank of Forsyth on its above-mentioned purchase, and also for the purpose of paying to the said Bank of Montana the amount due on the $1,500, $1,000, and $650 notes that have been mentioned, the said bank reserving the right to hold all of the notes for which his $8,221 note was executed and subject to a certain pledge agreement by which he transferred and delivered to the said Bank of Montana all of the Morley notes, aggregating $11,535, with the right in that bank to sell all or any of the said property in satisfaction of his (Guy's) indebtedness to the said bank, and to itself become the purchaser; that the said Guy did not pay the $8,221 note, and, after frequent demands for such payment, the bank on January 23, 1917, sold all of the said notes so pledged to it by Guy, pursuant to the terms of the pledge, at which sale it became the purchaser; that the said Morley notes so purchased by the said Bank of Montana were secured by a mortgage on the Rosebud tract of lands, which mortgage was second to a mortgage theretofore given on the same property by Van Atta and his wife, and by Guy and his wife, to one Larson, in the sum of $10,000, interest on which had not been paid, nor had the taxes on the mortgaged property been paid, and at which time the said mortgaged property was not worth more than $15,000; that subsequently Larson commenced suit in one of the courts of the state to foreclose the mortgage held by him, to which action Van Atta and wife and Guy and wife were made parties defendant; and that under a decree of foreclosure entered in that suit the mortgaged property was bid in by the Montana National Bank, the defendant to the present action, September 29, 1917, which bank thereupon became the owner of the mortgaged property subject to the right of redemption on the part of the parties entitled to redeem from such sale; that the plaintiff in the present action made no attempt to redeem from such sale, and that at the end of the time therefor the said plaintiff lost his right in the said property, if any he had; that at such sale the defendant to the present action paid the sum of $12,014.03 and also the sum of $4,000 for delinquent taxes and water assessments on the property; that the period of redemption from such sale having expired, the second mortgage

securing the notes described in paragraph II of the plaintiff's amended complaint became of no value.

The answer also set up in defense of the action certain provisions of the statute of limitations of the state, and also pleaded an estoppel.

T. F. McCue, of Great Falls, Mont., for plaintiff in error.

Grimstad & Brown, of Billings, Mont., and J. W. Speer, of Great Falls, Mont., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). The record shows that it was after a very considerable portion of the evidence that it contains had been introduced on the trial that the plaintiff asked and obtained leave to file the amended complaint, thereby basing his action upon the alleged conversion by the defendant of his interest in the notes therein described.

We have no means of knowing what the original complaint contained, but find in the opinion of the court below the statement that in it "were various allegations of firm property, of partnership property." At all events the evidence not only tended to sustain the allegations of the answer of the defendant bank, but showed, we think, beyond dispute, that there had been no settlement of the partnership business of Guy and Van Atta in so far as third parties were concerned, of which the defendant bank was one, whatever may have been agreed upon by the partners as between themselves. Obviously, without a settlement of the partnership business, it could not be known what the interest of the plaintiff in the notes described in the complaint amounted to, in which adjustment the defendant bank, as holder of the notes for value, was plainly entitled to take part. Clearly, therefore, the trial court was right in holding that the evidence introduced afforded no ground for a finding by the jury of a conversion by the defendant of the plaintiff's interest in the notes, nor of the value of such interest, dependent, as the latter was, upon the adjustment of the partnership affairs.

The judgment is affirmed.